IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANRY ARZUMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-04015-NKL |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| NATURAL RESOURCES and | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Defendant Missouri Department of Natural Resources' Motion to Dismiss Plaintiff Anry Arzuman's ("Arzuman") claims for money damages under 42 U.S.C. § 1983 and 42 U.S.C. § 1981 [Count III] for failure to state a claim upon which relief may be granted [Doc. # 15]. Also pending before the Court is Plaintiff's request for leave to amend his complaint as an alternative to granting Defendant's prayed for dismissal [Doc. # 18]. For the reasons set forth below, Defendant's Motion to Dismiss is granted. Plaintiff's request for leave to amend his complaint is denied as futile.

**I.     Background[1]**

Arzuman is a Russian-born man over the age of forty with Russian Jewish and Armenian heritage who currently resides in Overland Park, Kansas. Arzuman was

---

[1] Because this is a motion to dismiss, the facts are based on the Plaintiff's Complaint and viewed in a light most favorable to Plaintiff.

subjected to a hostile work environment and, ultimately, was constructively discharged from his job with the Missouri Department of Natural Resources after enduring frequent, severe and humiliating discriminatory conduct by Defendant. The offensive conduct included a supervisor's derogatory comments pertaining to Arzuman's ethnicity and national origin. The supervisor called Arzuman a communist and treated him less favorably than employees of other national origins and ethnicities. In addition, Defendant threatened both Arzuman's person and reputation, and failed to transfer or promote Arzuman. Because the Defendant failed to punish or discipline the offending supervisor, Plaintiff could no longer work for Defendant and was forced to resign.

Arzuman claims economic losses including loss of income and fringe benefits as well as the loss of self-esteem, humiliation, mental anguish, emotional distress and harm to his reputation. In Counts I and II, Plaintiff raises his Title VII and retaliation claims, respectively. In Count III, Plaintiff prays for relief pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1981.

**II.     Discussion**

In its Motion to Dismiss, Defendant claims the Eleventh Amendment precludes Plaintiff from suing the Missouri Department of Natural Resources for money damages under 42 U.S.C. § 1983 or 42 U.S.C. § 1981. The Defendant is correct.

**A.     42 U.S.C. § 1983 Claim**

The Eleventh Amendment states as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against

>one of the United States by Citizens of another State, or by Citizens
>or Subjects of any Foreign State.

Though Congress may abrogate the State's Eleventh Amendment immunity, it is well settled that 42 U.S.C. § 1983 "does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States." *Quern v. Jordan*, 440 U.S. 332, 345, 99 S. Ct. 1139 (1979). Thus, the sovereign immunity enjoyed by states under the Eleventh Amendment prevents private parties from bringing actions for money damages against unconsenting states in federal court. *Thomas v. St. Louis Board of Police Commissioners*, 447 F.3d 1082, 1084 (8th Cir. 2006); *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

Arzuman cites numerous cases in his Response to Defendant's Motion to Dismiss. Most of these cases discuss a private party's right to sue a municipality and are inapposite to the issues in this case. Local government units that are not considered part of the State are not protected by the Eleventh Amendment. *Monell v. Dep't. of Social Services of City of New York*, 436 U.S. 658, 690 n.54, 98 S. Ct. 2018 (1978). In contrast, the Missouri Department of Natural Resources is a state agency. As such, Defendant is considered part of the State, and is afforded the protections of the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347 (1974) (holding that "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment").

Accordingly, Arzuman's claim against the Missouri Department of Natural

Resources for money damages under 42 U.S.C. § 1983 is dismissed.[2]

### B. 42 U.S.C. § 1981

Similarly, the Eighth Circuit has definitively held that a state is immunized from Section 1981 liability under the Eleventh Amendment. *Singletary v. Missouri Dep't. of Corrections*, 423 F.3d 886, 890 (8th Cir. 2005). Thus, Arzuman's claim for money damages under 42 U.S.C. § 1981 is also dismissed.

Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss [Doc. # 15] is GRANTED. Plaintiff Arzuman's claims for money damages under 42 U.S.C. § 1983 and 42 U.S.C. § 1981 [Count III] are dismissed for failure to state a claim upon which relief may be granted. Plaintiff's request for leave to amend his complaint [Doc. # 18] is DENIED as futile.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: August 30, 2006  
Jefferson City, Missouri

---

[2] Because the Court finds that Defendant is immunized from Section 1983 liability by the Eleventh Amendment, Defendant's argument that respondeat superior is not a basis for liability in a section 1983 case was not considered.